# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15-03103-01-CR-S-MDH |
| | ) |
| CRAIG MICHAEL RALSTON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion for Severance of Count I and Count II for Trial (Doc. 51). Pursuant to Rules 12(b)(3)(B)(iv), 8(a) and 14(a) of the Federal Rules of Criminal Procedure, Defendant moves for an order finding that Counts I and II of the Indictment are improperly and prejudicially joined, and severing said counts. The Government has filed Suggestions in Opposition (Doc. 56) to the motion, and Defendant has filed a reply (Doc. 60) in support. Upon review, the motion will be **DENIED**.

Under Rule 12(b)(3)(B)(iv), a party may raise by motion the defense of improper joinder. Rule 8(a) governs the joinder of offenses and permits the joinder of offenses that are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Additionally, Rule 12(b)(3)(D) allows a party to move to sever charges pursuant to Rule 14, which provides for separate trials if the joinder of offenses "appears to prejudice a defendant[.]"

Here, the Indictment (Doc. 1) charges Defendant in two counts. Count I alleges that between July 12, 2003 and July 1, 2007, Defendant engaged in a sexual act, as defined in 18 U.S.C. § 2246(2), with "Jane Doe 1," who had not attained the age of 12 years, in violation of 18 U.S.C. § 2241(c). Count II claims that between August 1, 2008 and October 1, 2008, Defendant

knowingly transported "Jane Doe 2" in foreign or interstate commerce, to engage in sexual activity for which a person can be criminally charged under the laws of the State of Missouri, which prohibits any person from having sexual intercourse with another person knowing that he does so without that person's consent, in violation of 18 U.S.C. § 2421.

Defendant first argues that the offenses charged in Count I and Count II allege facts that are not "of the same or similar character" under Rule 8(a). Second, he contends that because Count I involves the inflammatory and emotional charge of sexual contact with a 5-year old child, a single trial would prejudice him as to Count II. He also asserts that he has prior convictions for aggravated sexual assault of a minor, evidence of which may be admissible as to Count I, but would not be relevant or admissible as to Count II. Third, Defendant argues that a single trial of both counts would prejudice his Fifth Amendment right to not testify.

**1. Improper joinder under Rule 8(a)**

Rule 8(a) governs the joinder of offenses and permits the joinder of offenses that are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The rule should be "broadly construed in favor of joinder to promote the efficient administration of justice." *United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008).

Defendant claims the offenses charged in Count I and Count II are not of the same or similar character, stating that "Count I alleges sexual contact with a 5-year old child," while "Count II alleges sexual relations with an adult person." Due to the age difference of the alleged victims, he argues that although consent is not an issue as to Count I, it will be an issue in the defense to Count II. He also states that there is no evidence that Count I and Count II are based on the same acts or transactions, nor are they part of a common scheme or plan.

Clearly, Count I and Count II are neither based on the same act or transaction, nor parts of a common scheme or plan. However, the Court disagrees that the two counts are not of similar character under Rule 8(a). Crimes of similar character are "nearly corresponding; resembling in many respects; somewhat alike; having a general likeness." *United States v. Lindsey*, 782 F.2d 116, 117 (8th Cir. 1986). In *United States v. Tyndall*, 263 F.3d 848 (8th Cir. 2001), the defendant was charged with attempted aggravated sexual abuse of a 13-year old girl that occurred in a car and involved the use of a knife, and attempted aggravated sexual abuse of a 67-year old woman that occurred in a house and involved grabbing the woman's arm. Despite the wide age difference between the victims, the Eighth Circuit upheld joinder, noting that the offenses were "impulsive crimes of opportunity where it was alleged that [the defendant] had managed to isolate his intended victims[.]" *Id*. at 850. Here, the offenses charged are of a similar character in that they are both based on forcible sexual assaults of victims who were in Defendant's care. Furthermore, Defendant allegedly met both victims at the same church, where he was their Sunday school teacher. Based on the foregoing, the sexual assault offenses charged in Count I and Count II are "similar" and joinder under Rule 8(a) is appropriate. *See United States v. Bruguier*, No. 11–40012–01–KES, 2011 WL 1833008 (D.S.D. May 13, 2011) (finding joinder proper where the defendant was charged with aggravated sexual abuse of an adult, incest, burglary, and sexual abuse of a minor as to multiple victims).

**2. Prejudicial joinder under Rule 14**

Even where charges are properly joined under Rule 8, separate trials of counts may be ordered if joinder "appears to prejudice a defendant[.]" FED. R. CRIM. P. 14(a). Such prejudice must be "severe," which occurs "when the defendant is deprived of an appreciable chance that he would have not been convicted in a separate trial, and not merely when he would have had a

3

better chance for acquittal in a separate trial." *United States v. Blum*, 65 F.3d 1436, 1443 (8th Cir. 1995). The defendant carries the burden of proving prejudice due to joinder. *United States v. Garrett*, 648 F.3d 618, 626 (8th Cir. 2011). There is "a strong presumption against severing properly joined counts." *United States v. McCarther*, 596 F.3d 438, 442 (8th Cir. 2010).

According to Defendant, evidence of his prior convictions in Kansas for aggravated sexual assault of a minor may be admissible as to Count I, but would not be relevant or admissible as to Count II. However, Federal Rule of Evidence 413(a) provides that where a defendant "is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault." In this matter, because the illegal sexual activity alleged in Count II is nonconsensual sexual intercourse, which appears to be a "sexual assault" under Rule 413(d), evidence of Defendant's prior convictions for aggravated sexual assault would likely be relevant and admissible in a separate trial as to Count II. *See United States v. Tail*, 459 F.3d 854, 858 (8th Cir. 2006) (upholding admission of evidence of prior rape conviction under Rule 413).

Defendant also argues that the evidence as to Count I, alleging a sexual act with a 5-year old child, would be "highly inflammatory and emotional," and would therefore prejudice him as to Count II. However, under Rule 413, evidence of other sexual assaults includes not only sexual assault convictions, but also alleged sexual assaults. *United States v. Hollow Horn*, 523 F.3d 882, 887 (8th Cir. 2008). Thus, evidence of the sexual assault alleged in Count I could likely be introduced in a separate trial of Count II, even if the counts were severed. For these reasons, Defendant has failed to show the severe prejudice required for severance under Rule 14.

### 3. Fifth Amendment right to not testify

According to Defendant, a joint trial of Count I and Count II would prejudice his Fifth Amendment right to testify or to not testify in his own defense. In the motion, he implies that he

4

may testify as to Count II, stating that "there will be issues of sexual contact between consenting adults." Regarding Count I, he asserts that "the likelihood of his choosing to testify is far more remote." He concludes that this creates an "irreconcilable conflict" of whether to testify or not testify.

"[W]hile the courts zealously guard a defendant's Fifth Amendment right not to testify at all, the case law is less protective of a defendant's right to testify selectively[.]" *United States v. Alosa*, 14 F.3d 693, 695 (1st Cir. 1994) (*citing Brown v. United States*, 356 U.S. 148, 155-56 (1958)). A defendant arguing for severance on this basis must make a "persuasive and detailed showing regarding the testimony he would give on the one count he wishes severed and the reason he cannot testify on the other counts." *United States v. Possick*, 849 F.2d 332, 338 (8th Cir. 1988).

In his reply, Defendant argues that, as to Count II, "[he] alone would be able to describe the nature and context and details of the relationship with [the alleged victim] in October, 2008." According to Defendant, there is neither alibi evidence, nor any other witnesses with direct knowledge about any intimate contact between him and the alleged victim at that time. Thus, apart from information developed during cross-examination of the alleged victim, he states he has no evidence other than his own testimony to refute the claims of the alleged victim.

As for Count I, in contrast, Defendant asserts that the Government will seek to introduce his prior convictions of aggravated indecent liberties with a minor child in Kansas as propensity evidence. He claims that he intends to defend against Count I by introducing alibi evidence and through cross-examination, but does not intend to testify personally. He argues that if he did testify, he would be exposed to cross-examination regarding his prior convictions that would distract the jury from his other alibi and defense evidence, and irreparably prejudice his defense.

The Court finds that Defendant has failed to make the "persuasive and detailed" showing necessary for severance. He offers no specifics about the testimony he would offer if Count II was severed, only stating vaguely that he would "describe the nature and context and details" of the incident. *See United States v. Ervin*, 540 F.3d 623, 629 (7th Cir. 2008) (A defendant's "general assertions" about the testimony he seeks to offer will not suffice; he must proffer "specific examples of the exculpatory testimony" that he would give but for the joinder of the counts). Nor does he state "unequivocally that he would in fact testify" in a separate trial of Count II. *See Closs v. Leapley*, 18 F.3d 574, 579 (8th Cir. 1994). Furthermore, as set forth above, Defendant's argument is undermined in that the propensity evidence he is concerned about regarding Count I, as well as evidence of the offense alleged in Count I, would likely be admitted under F.R.E. 413 in separate trial of Count II. Thus, he would remain subject to cross-examination regarding the similar crimes, even if Count II was severed.

**IV. Conclusion**

For the aforementioned reasons, it is **ORDERED** that the Motion for Severance of Count I and Count II for Trial (Doc. 51) is **DENIED**.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: December 13, 2017